REQUESTED BY: Senator Carol McBride Pirsch Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Pirsch:
This is in response to your letter of February 22, 1983, concerning the constitutionality of Section 5 of LB 146 which provides that a child placement agency shall provide medical histories to adopted persons as well as to the adopting parents. Your concern was whether the state could constitutionally require private adoption agencies to open their medical records to a requesting party.
Section 5 expands Neb.Rev.Stat. § 43-128 (1982 Supp.) which provides that medical histories of the adopted person and of the adopted person's mother and father shall be provided to the adopting parents. In addition to making medical histories available to the adopted person, it specifies that the information shall be maintained and provided by child placing agencies.
When you refer to a private adoption agency you apparently mean a licensed adoption or child placement agency which is affiliated with a church or some private organization as compared to the Department of Welfare which is involved in adoption as a public agency. In Grey v.Maxwell, 206 Neb. 385, 293 N.W.2d 90, the court pointed up the similarity of the Department of Public Welfare and a licensed adoption agency where there is a relinquishment involved as opposed to a relinquishment to a private person.
A private licensed adoption agency is certainly subject to the same standards, requirements, and protection involving release of information pursuant to §§ 43-107 et seq., as is the Department of Welfare.
As § 42-128 now stands, it provides that adopting parents are furnished with information on the adopted person. Section 5 of LB 146 broadens the statute to provide that the adopted person can, on request, be furnished medical information on his or her biological parents. Clearly, an adoptive parent can have a need for the medical history of the adoptive person and his biological parents. Likewise, an adopted person, particularly when emancipated can have a need for his or her own parental medical history. Any release of such medical data would have to conform to the restrictions on release of information which protects the anonymity of the biological parents except through the mutual consent process set out in §§ 43-130 through 43-138.
In summary, a private adoption agency can be required to furnish medical information as a condition of its licensing in that the requirement is clearly within the public interest. Further, the adoptive parent and the adopted person are essentially of the same classification in regard to the need for medical information. Therefore, it is our opinion that from the standpoint of equal protection making the medical information available to the adopted person is a move toward constitutionality rather than away from it.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General